**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: JAMES L. HANKINS, JR.,** | **CASE NO. 26-12302-JDW** |
| **Debtor** | **CHAPTER 7** |

---

## SETTLEMENT AGREEMENT AND CONDITIONAL TRANSFER AND ABANDONMENT OF PROPERTY

---

This Agreement is between Thomas C. Rollins, Jr., solely as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of James L. Hankins, Jr. ("Estate"), James L. Hankins, Jr. ("Debtor"), and Sherri L. Hankins, individually ("Spouse"). It is subject to approval of the Bankruptcy Court in Case No. 26-12302-JDW.

1. Property. The "Motorhome" is the 2018 Thor Hurricane 34 P motorhome, VIN [VERIFY
   1F66F5DY7HOA16345 Mississippi
   AND INSERT MOTORHOME VIN], title issued by [STATE], together with its installed equipment, keys, manuals and transferable warranties. The Debtor scheduled its entire value at $40,000 and his one-half interest at $20,000. The "Retained Assets" are the 2007 Chevrolet 2500 HD Work Truck, VIN 1GCHK23697F524909; 2018 Chevrolet 3500 Crew Cab LT work truck, VIN 1GB4KZCY3JF208605; and 2005 Load Max enclosed trailer, VIN 5L8GF262451001677. The parties shall confirm these descriptions against the vehicles and titles before execution.

2. Exchange. In consideration of the Estate's relinquishment of its interest in the Retained Assets under this Agreement, Spouse agrees to transfer and assign to the Estate all of her right, title and interest in the Motorhome and its proceeds. Debtor consents to administration and sale of all of his interest in the Motorhome and its proceeds. This is an exchange for the ENTIRE Motorhome, not merely delivery of possession or sale of the Estate's existing one-half interest.

3. Spouse's proceeds and consent. Spouse retains no ownership share of the Motorhome sale proceeds and makes no claim for a co-owner distribution under 11 U.S.C. section 363(j) or otherwise from those proceeds. She consents to auction of the entire Motorhome and relinquishes any section 363(i) purchase preference applicable to this transaction. Her transfer becomes effective at the Completion Time defined below. She is a party in her own capacity; the Debtor's agreement or counsel's signature alone does not bind her.

4. Debtor's Motorhome interest. No Motorhome exemption appears in the Schedule C supplied for this settlement. As part of this specific compromise, Debtor agrees that his entire interest in the Motorhome and proceeds will be administered without a deduction or reservation for an exemption in the Motorhome. This resolves his exemption position only as to the Motorhome; it is not a general waiver of exemptions or discharge. Any statutory right to a surplus after all allowed claims and expenses are paid is unaffected.

5. Delivery and documents. Within 10 days after the approval order becomes enforceable,
Debtor’s Residence
Debtor and Spouse shall make the Motorhome available for pickup at [CONFIRMED PHYSICAL LOCATION] and deliver possession, all keys, the current original certificate of title or documents sufficient for an authorized electronic-title transfer, and reasonably required transfer documents to Trustee or the Court-approved auctioneer. They shall provide the purchase and financing documents, lien releases, insurance information, maintenance history, mileage and known material condition issues. Title assignments must be complete and name the proper transferee; no blank or open title assignment is required or authorized.

6. Preservation and inspection. Until pickup, Debtor and Spouse shall preserve the Motorhome in substantially its present condition, maintain existing insurance, allow reasonable inspection by appointment, and not sell, encumber, materially alter, strip, or use it other than

as reasonably needed for preservation or delivery. Trustee shall arrange appropriate insurance and secure custody upon taking possession. Personal belongings not included in the sale shall be removed by agreement without removing installed equipment.

7. Disclosure of encumbrances. Debtor and Spouse shall disclose in writing every known loan, title lien, judgment lien, tax lien, storage or repair claim, pledge, lease, ownership claim, or other encumbrance affecting the Motorhome or either owner's interest. The parties acknowledge the disclosed Mississippi tax-lien reference 1868390 and the scheduled Vox Funding judgment. Neither the schedules nor this Agreement constitutes a representation by Trustee that title is clear. Each individual represents, after reasonable inquiry, that no other ownership transfer or encumbrance has been withheld from the written disclosure delivered to Trustee.

8. Conditions to completion. The exchange requires an enforceable approval order; signatures of both individuals; satisfactory verification of Motorhome identity and ownership; actual delivery and transfer documents; and resolution, release, or separately authorized treatment of encumbrances. Before completion, Trustee must reasonably determine, using an auction estimate and known or reasonably estimated liens, sale costs, administrative expenses, and priority claims, that the exchange remains beneficial to the Estate. Trustee shall not unreasonably delay verification. A material change in the consideration or burden on the Estate requires further Court approval.

9. Completion Time and Retained Assets. When the conditions are met, Trustee shall file and serve a Notice of Completion identifying the supporting transfers and clearance. At that filing ("Completion Time"), Spouse's assignment becomes effective and the Estate's right, title and interest in the Retained Assets is relinquished to Debtor under the approval order, as

a Court-approved disposition under section 363(b) and abandonment under section 554 to the extent applicable. Until then, no Retained Asset is abandoned, released or transferred by this Agreement. The Retained Assets remain subject to any valid third-party rights; Trustee makes no warranty of their title, condition, or freedom from liens.

10. Failure of conditions. If the conditions cannot be met by December 31, 2026, the parties shall promptly confer. No property interest changes merely because that date passes. A party may seek enforcement, modification, or termination from the Court on notice. Before completion, Trustee holds delivered property and transfer instruments pending performance; no Motorhome auction shall be consummated under this Agreement before completion. Any unwind of Spouse's proposed transfer preserves the Estate's preexisting interest. After completion, there is no automatic revival of the Estate's interest in the Retained Assets without a further order.

11. Auction and receipts. Trustee intends to use Benny Taylor and Taylor Auction & Realty, Inc., subject to separate Court approval of employment, disclosed compensation terms, and the auction. Sale proceeds shall be delivered to Trustee for the Estate and administered under the Bankruptcy Code. No distribution to Debtor or Spouse as an owner or exempt claimant, and no auctioneer fee, expense reimbursement or lien payment, may be deducted or paid except as authorized by the Court or applicable law. This Agreement guarantees neither an auction price nor a distribution to any class of creditors.

12. Limited scope and third parties. The settlement concerns only the exchange described here. It does not release unrelated Estate assets, tax refunds, claims, avoidance actions, objections, or claims against third parties. It does not adjudicate any creditor's lien or priority, discharge

a third party's liability, or modify the automatic stay beyond the effect of applicable law and the approval order. Statutory priorities remain controlling.

13. Approval, counsel and enforcement. Trustee will seek approval after notice to required parties. No disposition occurs before approval and expiration of any applicable stay. Each individual acknowledges an opportunity to obtain independent legal advice and to review this Agreement; Debtor's counsel is not presumed to represent Spouse. The Bankruptcy Court retains jurisdiction to interpret and enforce its approval order and this Agreement to the extent permitted by law. Changes must be written, signed by all parties, and approved when required. Counterparts and electronic copies of actual signatures may be used; no person may sign for another without actual authority.

**AGREED, subject to Bankruptcy Court approval:**

[signature] Date: 9/17/2026

Thomas C. Rollins, Jr. | Chapter 7 Trustee, solely in that capacity

[signature] Date: 9/17/26

James L. Hankins, Jr. | Debtor, individually

[signature] Date: 9-17-26

Sherri L. Hankins | Nonfiling spouse, individually

Reviewed as to form for Debtor only:

[signature] 9/17/2026 Kevin F. O'Brien