UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
JAMES L. HANKINS

CASE NO: 26-12302

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 7

On 10/16/2026, I did cause a copy of the following documents, described below,

Hearing Notice

Motion and Exhibits

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/16/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

JAMES L. HANKINS

CASE NO: 26-12302

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 10/16/2026, a copy of the following documents, described below,

Hearing Notice

Motion and Exhibits

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/16/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

BANK OF AMERICA
ATTN: BANKRUPTCY
PO BOX 15019
WILMINGTON, DE 19886-5019

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130-0285

CHASE CARD SERVICES
ATTN: BANKRUPTCY
PO BOX 15299
WILMINGTON, DE 19850-5299

LINCOLN AUTOMOTIVE FINANCE
ATTN: BANKRUPTCY
PO BOX 542000
OMAHA, NE 68154-8000

ONDECK CAP
ATTN: BANKRUPTCY
1400 BROADWAY
NEW YORK, NY 10018-5300

ROCKET MORTGAGE
PO BOX 650783
DALLAS 75265, TX 75265

SHERRI HANKINS
3122 HIGHWAY 305 NORTH
OLIVE BRANCH, MS 38654

SOUTHERN CEILING SPECIALISTS, LLC
VOX FUNDING, LLC
ATTN: AINSWORTH GORKIN PLLC
P.O. BOX 605
NEW YORK, NY 10038

WELLS FARGO
ATTN: VENDOR FINANCIAL SERVICES
801 WALNUT STREET
DES MOINES, IA 50309

CM/ECF hrg11
(Rev. 07/22/16)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In Re: James L. Hankins, Jr.<br>Debtor(s) | )<br>)<br>)<br>)<br>) | Case No.: 26−12302−JDW<br>Chapter: 7<br>Judge: Jason D. Woodard |

PLEASE TAKE NOTICE that a hearing will be held at

Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655

on 11/17/26 at 10:30 AM

Responses Due: 11/12/26

to consider and act upon the following:

***23*** − Application to Compromise Controversy Filed by Thomas C. Rollins Jr. on behalf of Thomas Carl Rollins Jr. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rollins, Thomas)

Should any party receiving this notice respond or object to said motion such response or objection is required to be filed with the Clerk of this court and served on the Attorney for Movant on or before said response due date. If any objection or response is filed, an evidentiary hearing will be held on the above mentioned date regarding any facts not stipulated to by the parties. If no objection or response is filed, the Court may consider said motion immediately after the objection or response due date. Please note that a corporation, partnership, trust, or other business entity, other than a sole proprietorship, may appear and act in Bankruptcy Court only through a licensed attorney.

A copy of the motion is required to be served pursuant to Rules 9013 and 9014. THE MOVING PARTY'S ATTORNEY IS REQUIRED BY THE STANDING ORDER TO PERFORM NOTICING AS TO SAID MOTION, THE NOTICE OF HEARING, AND THE OBJECTION DEADLINE, ACCORDING TO THE TERMS OF SAID STANDING ORDER. Please see the Standing Order available at:
http://www.msnb.uscourts.gov/sites/msnb/files/so_notic_revised.pdf

Dated: 10/16/26

Shallanda J. Clay
Clerk, U.S. Bankruptcy Court

BY: LJB
Deputy Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: JAMES L. HANKINS, JR.,** **CASE NO. 26-12302-JDW**
**Debtor** **CHAPTER 7**

---

**MOTION TO APPROVE SETTLEMENT AND**
**CONDITIONAL TRANSFER AND ABANDONMENT OF PROPERTY**

---

Thomas C. Rollins, Jr., Chapter 7 Trustee (the "Trustee"), moves under 11 U.S.C. §§ 363(b) and 554 and Federal Rules of Bankruptcy Procedure 6007 and 9019 for approval of the settlement with James L. Hankins, Jr. (the "Debtor") and Sherri L. Hankins (the "Spouse"). In support, the Trustee states:

1. The Debtor filed this Chapter 7 case on June 29, 2026. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. The Trustee, Debtor, and Spouse executed the Settlement Agreement and Conditional Transfer and Abandonment of Property on September 17, 2026 (the "Agreement"). A copy is attached as Exhibit A.

3. The Agreement concerns the 2018 Thor motorhome, VIN 1F66F5DY7H0A16345 (the "Motorhome"), scheduled as a Hurricane 34 P and titled as model C34. The Motorhome is scheduled at $40,000, with the Debtor's one-half interest valued at $20,000. The Mississippi title identifies the Debtor and Spouse as owners and contains Banterra Bank's signed lien satisfaction dated March 27, 2025. A copy is attached as Exhibit B.

4. The Estate will relinquish its interests in the following property (the "Retained Assets"):

(a) 2007 Chevrolet 2500 HD Work Truck, VIN 1GCHK23697F524909, scheduled at $2,250;

(b) 2018 Chevrolet 3500 Crew Cab LT work truck, VIN 1GB4KZCY3JF208605, scheduled at $17,675, with a $7,750 claimed exemption; and

(c) 2005 Load Max enclosed trailer, VIN 5L8GF262451001677, scheduled at $1,000.

5. In exchange, the Spouse assigns her entire interest in the Motorhome and its proceeds to the Estate, and the Debtor agrees to administration of his entire Motorhome interest without an exemption deduction, as provided in the Agreement.

6. Within 10 days after the approval order becomes enforceable, the Debtor and Spouse must make the Motorhome available for pickup and deliver the keys, original title or sufficient electronic-title transfer documents, and required transfer documents. Completion is subject to the identification, ownership, delivery, lien-treatment, and continuing-benefit conditions in the Agreement.

7. Under paragraph 9 of the Agreement, the Trustee will file and serve a Notice of Completion after the conditions are satisfied. At that time, the Spouse's assignment and the Estate's relinquishment of the Retained Assets become effective. The Retained Assets are not abandoned upon entry of the approval order.

8. The Retained Assets have a combined scheduled nonexempt value of $13,175. Together with the Estate's $20,000 Motorhome interest, the existing interests total $33,175. The exchange provides the entire Motorhome, scheduled at $40,000, an increase of $6,825 before sale costs, liens, taxes, and differences in actual value. The Agreement requires the Trustee to confirm the Estate's net benefit before completion.

9. The exchange also avoids the expense and delay of seeking to sell a nondebtor co-owner's interest under § 363(h) and reduces the number of assets requiring separate

transportation, storage, and sale. These benefits support approval as fair, reasonable, and in the best interests of the Estate and its creditors. See In re Cajun Electric Power Cooperative, Inc., 119 F.3d 349, 355-56 (5th Cir. 1997).

10. The Agreement preserves third-party lien rights and the Trustee's rights concerning those liens. Notice of the proposed settlement and conditional disposition will be given under Rules 2002, 6007, and 9019.

WHEREFORE, the Trustee requests approval of the Agreement and authority to complete the exchange under § 363(b), with conditional abandonment under § 554 as provided in the Agreement.

Respectfully submitted,
/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trustee@therollinsfirm.com
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: JAMES L. HANKINS, JR.,** **CASE NO. 26-12302-JDW**
**Debtor** **CHAPTER 7**

## SETTLEMENT AGREEMENT AND CONDITIONAL TRANSFER AND ABANDONMENT OF PROPERTY

This Agreement is between Thomas C. Rollins, Jr., solely as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of James L. Hankins, Jr. ("Estate"), James L. Hankins, Jr. ("Debtor"), and Sherri L. Hankins, individually ("Spouse"). It is subject to approval of the Bankruptcy Court in Case No. 26-12302-JDW.

1. Property. The "Motorhome" is the 2018 Thor Hurricane 34 P motorhome, VIN [VERIFY AND INSERT MOTORHOME VIN], title issued by [STATE], together with its installed equipment, keys, manuals and transferable warranties. The Debtor scheduled its entire value at $40,000 and his one-half interest at $20,000. The "Retained Assets" are the 2007 Chevrolet 2500 HD Work Truck, VIN 1GCHK23697F524909; 2018 Chevrolet 3500 Crew Cab LT work truck, VIN 1GB4KZCY3JF208605; and 2005 Load Max enclosed trailer, VIN 5L8GF262451001677. The parties shall confirm these descriptions against the vehicles and titles before execution.

2. Exchange. In consideration of the Estate's relinquishment of its interest in the Retained Assets under this Agreement, Spouse agrees to transfer and assign to the Estate all of her right, title and interest in the Motorhome and its proceeds. Debtor consents to administration and sale of all of his interest in the Motorhome and its proceeds. This is an exchange for the ENTIRE Motorhome, not merely delivery of possession or sale of the Estate's existing one-half interest.

3. Spouse's proceeds and consent. Spouse retains no ownership share of the Motorhome sale proceeds and makes no claim for a co-owner distribution under 11 U.S.C. section 363(j) or otherwise from those proceeds. She consents to auction of the entire Motorhome and relinquishes any section 363(i) purchase preference applicable to this transaction. Her transfer becomes effective at the Completion Time defined below. She is a party in her own capacity; the Debtor's agreement or counsel's signature alone does not bind her.

4. Debtor's Motorhome interest. No Motorhome exemption appears in the Schedule C supplied for this settlement. As part of this specific compromise, Debtor agrees that his entire interest in the Motorhome and proceeds will be administered without a deduction or reservation for an exemption in the Motorhome. This resolves his exemption position only as to the Motorhome; it is not a general waiver of exemptions or discharge. Any statutory right to a surplus after all allowed claims and expenses are paid is unaffected.

5. Delivery and documents. Within 10 days after the approval order becomes enforceable, Debtor and Spouse shall make the Motorhome available for pickup at [CONFIRMED PHYSICAL LOCATION] and deliver possession, all keys, the current original certificate of title or documents sufficient for an authorized electronic-title transfer, and reasonably required transfer documents to Trustee or the Court-approved auctioneer. They shall provide the purchase and financing documents, lien releases, insurance information, maintenance history, mileage and known material condition issues. Title assignments must be complete and name the proper transferee; no blank or open title assignment is required or authorized.

6. Preservation and inspection. Until pickup, Debtor and Spouse shall preserve the Motorhome in substantially its present condition, maintain existing insurance, allow reasonable inspection by appointment, and not sell, encumber, materially alter, strip, or use it other than

as reasonably needed for preservation or delivery. Trustee shall arrange appropriate insurance and secure custody upon taking possession. Personal belongings not included in the sale shall be removed by agreement without removing installed equipment.

7. Disclosure of encumbrances. Debtor and Spouse shall disclose in writing every known loan, title lien, judgment lien, tax lien, storage or repair claim, pledge, lease, ownership claim, or other encumbrance affecting the Motorhome or either owner's interest. The parties acknowledge the disclosed Mississippi tax-lien reference 1868390 and the scheduled Vox Funding judgment. Neither the schedules nor this Agreement constitutes a representation by Trustee that title is clear. Each individual represents, after reasonable inquiry, that no other ownership transfer or encumbrance has been withheld from the written disclosure delivered to Trustee.

8. Conditions to completion. The exchange requires an enforceable approval order; signatures of both individuals; satisfactory verification of Motorhome identity and ownership; actual delivery and transfer documents; and resolution, release, or separately authorized treatment of encumbrances. Before completion, Trustee must reasonably determine, using an auction estimate and known or reasonably estimated liens, sale costs, administrative expenses, and priority claims, that the exchange remains beneficial to the Estate. Trustee shall not unreasonably delay verification. A material change in the consideration or burden on the Estate requires further Court approval.

9. Completion Time and Retained Assets. When the conditions are met, Trustee shall file and serve a Notice of Completion identifying the supporting transfers and clearance. At that filing ("Completion Time"), Spouse's assignment becomes effective and the Estate's right, title and interest in the Retained Assets is relinquished to Debtor under the approval order, as

a Court-approved disposition under section 363(b) and abandonment under section 554 to the extent applicable. Until then, no Retained Asset is abandoned, released or transferred by this Agreement. The Retained Assets remain subject to any valid third-party rights; Trustee makes no warranty of their title, condition, or freedom from liens.

10. Failure of conditions. If the conditions cannot be met by December 31, 2026, the parties shall promptly confer. No property interest changes merely because that date passes. A party may seek enforcement, modification, or termination from the Court on notice. Before completion, Trustee holds delivered property and transfer instruments pending performance; no Motorhome auction shall be consummated under this Agreement before completion. Any unwind of Spouse's proposed transfer preserves the Estate's preexisting interest. After completion, there is no automatic revival of the Estate's interest in the Retained Assets without a further order.

11. Auction and receipts. Trustee intends to use Benny Taylor and Taylor Auction & Realty, Inc., subject to separate Court approval of employment, disclosed compensation terms, and the auction. Sale proceeds shall be delivered to Trustee for the Estate and administered under the Bankruptcy Code. No distribution to Debtor or Spouse as an owner or exempt claimant, and no auctioneer fee, expense reimbursement or lien payment, may be deducted or paid except as authorized by the Court or applicable law. This Agreement guarantees neither an auction price nor a distribution to any class of creditors.

12. Limited scope and third parties. The settlement concerns only the exchange described here. It does not release unrelated Estate assets, tax refunds, claims, avoidance actions, objections, or claims against third parties. It does not adjudicate any creditor's lien or priority, discharge

a third party's liability, or modify the automatic stay beyond the effect of applicable law and the approval order. Statutory priorities remain controlling.

13. Approval, counsel and enforcement. Trustee will seek approval after notice to required parties. No disposition occurs before approval and expiration of any applicable stay. Each individual acknowledges an opportunity to obtain independent legal advice and to review this Agreement; Debtor's counsel is not presumed to represent Spouse. The Bankruptcy Court retains jurisdiction to interpret and enforce its approval order and this Agreement to the extent permitted by law. Changes must be written, signed by all parties, and approved when required. Counterparts and electronic copies of actual signatures may be used; no person may sign for another without actual authority.

**AGREED, subject to Bankruptcy Court approval:**

______________________________ Date: ____________

Thomas C. Rollins, Jr. | Chapter 7 Trustee, solely in that capacity

______________________________ Date: 9/17/26

James L. Hankins, Jr. | Debtor, individually

______________________________ Date: 9-17-26

Sherri L. Hankins | Nonfiling spouse, individually

Reviewed as to form for Debtor only:

______________________________ 9/17/2026 Kevin F. O'Brien

**EXHIBIT B - CERTIFICATE OF TITLE (FRONT)**

# CERTIFICATE OF TITLE

Form # 79-001

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 1F66F5DY7H0A16345 | THOR | 2018 | C34 | MH | MS0308922880 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 10/05/2020 | | 10 | USED | RV | 11156 ACTUAL |

OWNER(S)

HANKINS, JAMES L JR AND SHERRI L
3122 HIGHWAY 305 N
OLIVE BRANCH MS 38654-8839

BRANDS

1ST LIENHOLDER

DATE: 09/21/2020

BANTERRA BANK ISAOA
PO BOX 310
MARION IL 62959-0310

2ND LIENHOLDER

DATE:

MAIL TO

M37-2

BANTERRA BANK ISAOA
PO BOX 310
MARION IL 62959-0310

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN BANTERRA BANK (LIENHOLDER) BY [signature] Loan Specialist (SIGNATURE AND TITLE)

THIS 27 DAY OF Mar 20 25

2ND LIEN ____ (LIENHOLDER) BY ____ (SIGNATURE AND TITLE)

THIS ____ DAY OF ____ 20 ____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 5TH DAY OF OCTOBER 20 20

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER

O

MISSISSIPPI DEPARTMENT OF REVENUE

[signature]

VOID IF ALTERED